**IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE**

ENVIROKARE COMPOSITE )
CORPORATION, derivatively on )
behalf of Nominal Defendant LRM )
INDUSTRIES INTERNATIONAL, )
INC., )
)
        Plaintiff, )
)
        v. )     C.A. No. 2022-1202-KSJM
)
D&D MANUFACTURING, LLC, )
DR. E. GARY COOK, DONALD )
DEVIVO, and DALE POLK JR., )
)
        Defendants, )
)
        and )
)
LRM INDUSTRIES )
INTERNATIONAL, INC., )
)
        Nominal Defendant. )

**ORDER DENYING APPLICATION FOR CERTIFICATION OF
INTERLOCUTORY APPEAL**

1.     Defendants D&D Manufacturing, LLC and Dale Polk Jr. (the "D&D

Defendants") have applied (the "Application") for certification of interlocutory appeal

of this court's March 6, 2024 bench ruling (the "Decision").[1] As relevant here, the

Decision rejected the D&D Defendants' argument for dismissal under Court of

Chancery Rule 12(b)(2).

---

[1] C.A. No. 2022-1202-KSJM, Docket ("Dkt.") 33, Application for Certification of
Interlocutory Appeal ("Appl.") from Dkt. 32, March 6, 2024 bench ruling ("Decision
Tr.").

2.      Supreme Court Rule 42 governs applications for interlocutory appeals, requiring that they be filed within "10 days of the entry of the order from which the appeal is sought" and establishing a two-step test for determining whether to certify interlocutory appeal.[2]   Rule 42 cautions that "[i]nterlocutory appeals should be exceptional, not routine, because they disrupt the normal procession of litigation, cause delay, and can threaten to exhaust scarce party and judicial resources."[3]  This language from Rule 42 serves as an interpretive principle, requiring that the court interpret the factors such that interlocutory appeals are the exception and not the routine.[4]

3.      The D&D Defendants' application fails under Rule 42 because it was not filed within ten days of the March 6, 2024 Decision.  As computed under Supreme Court Rule 11, ten days from March 6 was Saturday, March 16.[5]  Because the deadline fell on the weekend, the application was due on Monday, March 18.[6]  The D&D Defendants filed their application on Wednesday, March 20.  Although Rule 42

---

[2] Supr. Ct. R. 42(c)(i).

[3] Supr. Ct. R. 42(b)(ii).

[4] *See also* Supr. Ct. R. 42(b) (stating that "[i]f the balance is uncertain, the trial court should refuse to certify the interlocutory appeal"); 2 Donald J. Wolfe, Jr. & Michael A. Pittenger, *Corporate and Commercial Practice in the Delaware Court of Chancery* § 18.04[c] (2d ed. 2023).

[5] Supr. Ct. R. 11(a) (providing that, "[w]hen the period of time prescribed or allowed is less than 7 days, intermediate Saturdays, Sundays and other legal holidays shall be excluded in the computation").

[6] Supr. Ct. R. 11(a) (providing that if a filing deadline falls on a weekend or holiday the period for filing "shall run until the end of the next day on which the office of the Clerk is open").

provides that this limitation can be overcome by a showing of good cause,[7] the D&D Defendants have not argued good cause for their delay,[8] nor is the court able to find good cause.[9]

4. The D&D Defendants' application also fails on the merits. Under the two-part test established by Rule 42, the court must first determine whether "the order of the trial court decides a substantial issue of material importance that merits appellate review before a final judgment."[10] If the substantial-issue requirement is met, the court will then analyze eight factors concerning whether "there are substantial benefits that will outweigh the certain costs that accompany an interlocutory appeal."[11]

5. As commonly articulated, the substantial-issue requirement is met when a decision speaks to the merits of the case.[12] In practice, however, the Supreme

---

[7] Supr. Ct. R. 42(c)(i) (requiring that an application for certification of interlocutory appeal be "filed within 10 days of the entry of the order from which the appeal is sought or such longer time as the trial court, in its discretion, may order for good cause shown").

[8] After the plaintiff pointed out to the D&D Defendants that the Application was untimely, they moved for an extension of time. Dkt. 37. In that motion, they stated: "While not certain, the undersigned either did not read the last sentence of Supreme Court Rule 42(a) or misconstrued it." *Id.* ¶ 4. I appreciate the candor, but that is not "good cause" under Rule 42 nor a good reason to extend the deadline. *See In re Asbestos Litig.*, 228 A.3d 676, 681–82 (Del. 2020).

[9] *See J.C. Opco, LLC v. Hudson Hosp. Holdco, Inc.*, 284 A.3d 725, 2022 WL 4451489, at *1 (Del. Sept. 23, 2022) (TABLE) (refusing interlocutory appeal where the appellant failed to show good cause for its untimely application).

[10] Supr. Ct. R. 42(b)(i).

[11] Supr. Ct. R. 42(b)(ii); *see* Supr. Ct. R. 42(b)(iii)(A)–(H).

[12] *See, e.g., Sprint Nextel Corp. v iPCS, Inc.*, 2008 WL 2861717, at *1 (Del. Ch. July 22, 2008) (stating that "[t]he substantial issue requirement is met when an

Court has accepted interlocutory appeals of non-merits-based questions that implicate significant issues under Delaware law.[13] This practice suggests that the definition of a "substantial" issue extends more broadly than the definition of a "merits" issue. Put differently, a merits issue is necessarily a substantial issue; a substantial issue is not necessarily a merits issue.

6. Multiple Delaware courts have held that denying a motion to dismiss for lack of personal jurisdiction is not a "substantial issue" for purposes of Rule 42(b)(i) because the exercise of personal jurisdiction does not affect the merits of the case.[14] The D&D Defendants argue, however, that the Decision decided a substantial issue for two reasons.

7. They first argue that the Decision decided a substantial issue because it "collapsed" the analysis of personal jurisdiction with the analysis of whether the plaintiff adequately alleged the merits of the aiding and abetting claim.[15] The D&D Defendants say that this "presents a substantial issue of material importance to any

interlocutory order decides a main question of law which relates to the merits of the case, and not to collateral matters" (internal quotation marks and citation omitted)); *see generally Wolfe & Pittenger* § 18.04[b] (listing issues over which the Supreme Court has accepted interlocutory appeal).

[13] *In re Carvana Co. S'holders Litig.*, 2022 WL 4661841, at *1 n.9 (Del. Ch. Oct. 3, 2022) (collecting cases).

[14] *TowerHill Wealth Mgmt., LLC v. Bander Family P'ship, L.P.*, 2008 WL 4615865, at *2 (Del. Ch. Oct. 9, 2008); *see also Curran Composites, Inc. v. Total Hldgs. USA, Inc.*, 984 A.2d 123, 2009 WL 4170395, at *1 (TABLE) (Del. 2009) (agreeing with the Court of Chancery's denial of application for certification of interlocutory appeal "on the grounds that the denial of a motion to dismiss for lack of personal jurisdiction does not establish a legal right or determine a substantial issue under Rule 42, and the interlocutory ruling is consistent with prior Delaware precedent").

[15] Appl. ¶ 14.

4

out-of-state actor that deals with a Delaware entity."[16] This is an overstatement. The conspiracy theory of jurisdiction does not give rise to personal jurisdiction over any out-of-state actor that deals with a Delaware entity. Rather, the analysis only supports personal jurisdiction where it is reasonably conceivable that the out-of-state actor aided and abetted in a fiduciary breach.

8.  They next argue that the Decision met the substantial-issue standard because the personal jurisdiction analysis necessarily overlapped with the merits analysis of the aiding and abetting claim. The D&D Defendants cite no support for this argument, but it is logically more tenable than their first point, and the court accepts this arguement as viable for the sake of analysis only.

9.  Even assuming that the D&D Defendants have met the substantial-issue test, the Application still fails, because the costs of interlocutory appeal outweigh the benefits.

10. Rule 42 supplies eight factors to consider when conducting this balancing analysis. Of those eight factors, the D&D Defendants rely on four:

> (B) The decisions of the trial courts are conflicting upon the question of law;
>
> (C) The question of law relates to the constitutionality, construction, or application of a statute of this State, which has not been, but should be, settled by this Court in advance of an appeal from a final order;
>
> (D) The interlocutory order has sustained the controverted jurisdiction of the trial court;

---

[16] *Id.*

(H) Review of the interlocutory order may serve considerations of justice.[17]

Factor D is satisfied; the rest are not.

11. Factor D is satisfied because the Decision sustained the controverted jurisdiction of the trial court—the exercise of personal jurisdiction over the D&D Defendants was appropriate.

12. Although Factor D is satisfied, it is not dispositive. In *Energy Transfer Equity, L.P. v. Twin City Fire Insurance Co.*[18] and *In re Carvana Co. Stockholders Litigation*,[19] for example, Factor D was satisfied, but the trial court denied certification because the remaining factors weighed against interlocutory appeal. The other cited factors do not support interlocutory appeal.

13. Under Factor B (conflicting decisions), the D&D Defendants argue the Decision conflicts "with other trial court rulings pertaining to: (i) whether a well-pleaded aiding and abetting claim satisfies both the statutory and jurisdictional prongs of the *Istituto Bancario* test and (ii) whether and to what extent there must be a Delaware nexus for conspiracy jurisdiction to exist . . . ."[20]

14. By way of background, there are five elements of the *Istituto Bancario* test for conspiracy jurisdiction, which provides that "a conspirator who is absent from

---

[17] Supr. Ct. R. 42(b)(iii); Appl. ¶ 18.

[18] 2020 WL 6112299, at *3 (Del. Super. Oct.16, 2020), *refusing appeal* 244 A.3d 682 (Del. 2020) (TABLE).

[19] 2022 WL 4661841, at *3 (Del. Ch. Oct. 3, 2022)*, refusing appeal* 285 A.3d 1205 (Del. 2022) (TABLE).

[20] Appl. ¶ 19.

the forum state is subject to the jurisdiction of the court . . . if the plaintiff can make a factual showing that: (1) a conspiracy . . . existed; (2) the defendant was a member of that conspiracy; (3) a substantial act or substantial effect in furtherance of the conspiracy occurred in the forum state; (4) the defendant knew or had reason to know of the act in the forum state or that acts outside the forum state would have an effect in the forum state; and (5) the act in, or effect on, the forum state was a direct and foreseeable result of the conduct in furtherance of the conspiracy."[21]

15. The Decision held that a well-pled aiding and abetting in a fiduciary breach claim typically satisfies all five elements, and then explained how all five elements were satisfied in this case. The D&D Defendants argue, however, that a well-pled aiding and abetting claim satisfies only the first two elements of *Istituto Bancario*. They cite to one decision for that proposition, *Virtus Capital L.P. v. Eastman Chemical Company*.[22] But the D&D Defendants ignore that *Virtus Capital* and the Decision both analyzed all five elements of the *Istituto Bancario* test.[23] There is no conflict.

16. Under Factor C (constitutionality, construction, or application of a statute of this State), "[t]he critical issue is whether that statutory interpretation

---

[21] *Istituto Bancario Italiano SpA v. Hunter Eng'g Co.*, 449 A.2d 210, 225 (Del. 1982); Decision Tr. at 30:8–23.

[22] Appl. ¶ 21 (citing *Virtus Cap. L.P. v. Eastman Chem. Co.*, 2015 WL 580553, at *13 (Del. Ch. Feb. 11, 2015)).

[23] Decision Tr. at 28:16–34:18.

'should be' settled by the Supreme Court in advance of a final order."[24]  "[F]actor (c) is not satisfied every time a trial court decides an issue of statutory interpretation."[25] The D&D Defendants argue that Factor C is satisfied because they "are unaware of a decision from the Delaware Supreme Court holding that a well-pleaded aiding and abetting claim can satisfy both the statutory and jurisdictional prongs and all five elements of the *Istituto Bancario* conspiracy jurisdiction test."[26]  But that argument does not address whether the high court *should* rule on this issue on an interlocutory basis.  It does not weigh in favor of interlocutory appeal.  At best, that argument renders Factor C neutral as to the Application.

17.    Under Factor H (considerations of justice), the D&D Defendants make two arguments.  They first argue that appellate review is necessary because "the Ruling permits a well-pleaded aiding and abetting claim, standing alone, to swallow up both the statutory and jurisdictional prongs and all five elements of the *Istituto Bancario* test."[27]  This argument is identical to the one that the court rejected in connection with Factor B.  It fares no better under Factor H.

18.    The D&D Defendants next argue that appellate review is necessary because they are being "[f]orc[ed] . . . to litigate claims that accrued in October 2017

---

[24] *Javice v. JP Morgan Chase Bank, N.A.*, 2023 WL 4561017, at *5 (Del. Ch. July 13, 2023) (quoting Supr. Ct. R. 42(b)(iii)(C)) (denying application for certification of interlocutory appeal)*, refusing appeal* 303 A.3d 616 (Del. 2023) (TABLE).

[25] *Id.*

[26] Appl. ¶ 23.

[27] *Id.* ¶ 26.

8

(at the latest)[.]"[28]  The D&D Defendants add in a footnote that "[w]hile the Ruling suggests Polk and D&D did not point to a case that said § 220 tolling was inapplicable to a non-fiduciary, defendants respectfully submit that proof of tolling an untimely claim lies with Plaintiff."[29]  Contrary to the D&D Defendants' arguments, the Decision found that the plaintiff satisfied its initial burden to show tolling applied and rejected the D&D Defendants' unsupported argument that Section 220 tolling applies only to fiduciaries.[30]  Accordingly, this factor does not weigh in the D&D Defendants' favor.

19.     Balancing the Rule 42(b) factors, the court finds the factors weigh against granting certification.  Nothing advanced by the D&D Defendants suggests the type of exceptional circumstance warranting interlocutory review.[31]

20.     For the foregoing reasons, the D&D Defendants' Application for Certification of Interlocutory Appeal is denied.

/s/ Kathaleen St. J. McCormick
Chancellor
Dated: April 9, 2024

---

[28] *Id.* ¶ 27.

[29] *Id.* n.1 (internal citation omitted).

[30] Decision Tr. at 20:13–21 ("As a fallback position, the D&D Defendants assert that the Section 220 tolling, to the extent it applies, should apply solely to the claims against the fiduciaries and not to aiding and abetting and attendant claims against third parties. The tolling doctrines focus on what a plaintiff knew and when, and not on the composition of the defendants. It is therefore unsurprising that the D&D Defendants point to no support for their fiduciary-only argument.").

[31] Supr. Ct. R. 42 (b)(ii); *see also Vick v. Khan*, 204 A.3d 1266, 2019 WL 856599, at *1 (Del. Feb. 21, 2019) (TABLE) (observing that applications for interlocutory review are granted only in "exceptional circumstances").